### McINTYRE *v.* COSTELLO *et al.*

*(Supreme Court, General Term, First Department. December 29, 1890.)*

RES ADJUDICATA.

Judgment in an action for dower dismissing the complaint, on the ground that the evidence for plaintiff did not tend to establish seisin in her husband, was reversed, on appeal, as erroneous in that respect. *Held*, that the decision must be followed on appeal from a judgment on a subsequent trial, on which the same evidence was objected to, as not tending to establish the husband's seisin.

Appeal from special term, New York county.

Action by Catherine McIntyre against Patrick Costello and others for dower. James Carroll, Ellen Carroll, and the Germania Savings Bank were made defendants, as claiming some interest in the premises involved, and answered the complaint. At the first trial, the evidence of seisin in plaintiff's husband consisted of a contract for conveyance of the land to him by a third party, and a conveyance pursuant thereto by such third party to him; whereupon judgment was rendered dismissing the complaint, on the ground of the insufficiency of such evidence. The judgment was reversed on appeal, and a new trial ordered, for error in this ruling. See 47 Hun, 289. The judgment on

the new trial was reversed on other grounds, and another trial ordered, (see 6 N. Y. Supp. 397,) upon which, on the same evidence as to seisin in plaintiff's husband, a verdict was directed for plaintiff as against the defendants Carroll and the Germania Bank. A motion by them for a new trial, made on a case and exceptions, was denied; and they appeal from the order denying the motion.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Kaufmann & Sanders*, (*Lewis Sanders*, of counsel,) for appellants. *Kellogg, Rose & Smith*, (*L. Laflin Kellogg*, of counsel,) for respondent.

VAN BRUNT, P. J. Without passing upon the question of practice raised, it seems to be sufficient to say that all the questions involved in this appeal were determined when this case was before the general term upon a previous occasion. It is true that objections to evidence were taken upon this trial which were not insisted upon upon the previous trial; but this in no manner affected the question adjudicated upon the previous appeal, because then the complaint was dismissed because the evidence now objected to did not establish or tend to establish seisin in the husband of the plaintiff. Upon this trial the evidence is objected to because it did not so tend. Therefore the same proposition is raised, and must be disposed of in the same manner. It is not necessary to rediscuss that which was decided upon the previous appeal, but, for the reasons then given, we think the rulings of the court upon the trial of the case were correct, and the judgment should be affirmed, with costs.

BARTLETT, J., concurs.

BARRETT, J. As I am bound by the previous decision, I concur in the present affirmance, but without expressing any concurrence in such previous decision.